# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 18-1529V
### UNPUBLISHED

|  |  |
|---|---|
| ANTHONY SANDERS,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: February 6, 2020<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Guillain-<br>Barre Syndrome (GBS) |

*Michael Andrew London, Douglas & London, P.C., New York, NY, for petitioner.*

*Claudia Barnes Gangi, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

On October 3, 2018, Anthony Sanders filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffers from Guillain‑Barré Syndrome (GBS) as a result of an influenza ("flu") vaccine that was administered on October 20, 2015. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On January 21, 2020, a ruling on entitlement was issued, finding Petitioner entitled to compensation for his GBS. On February 5, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $132,500.00, representing compensation for his past and future pain and suffering. Proffer at 1. In the Proffer, Respondent represented that Petitioner agrees with the

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

proffered award.  *Id.*  Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $<u>132,500.00</u>, representing compensation for Petitioner's actual and projected pain and suffering in the form of a check payable to Petitioner.**  This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

_____

)
ANTHONY SANDERS, )
)
         Petitioner, )
)    **No. 18-1529V**
v. )    **Chief Special Master Corcoran**
)    **ECF**
SECRETARY OF HEALTH AND )
HUMAN SERVICES, )
)
         Respondent. )
_____)

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

### I.    Items of Compensation

On November 18, 2019, respondent conceded that entitlement to compensation was appropriate under the terms of the Vaccine Act. ECF No. 30. Thereafter, on January 21, 2020, Chief Special Master Corcoran issued a Ruling on Entitlement, finding that petitioner was entitled to vaccine compensation for his Guillain-Barre Syndrome (GBS). ECF No. 32. Based upon the evidence of record, respondent proffers that petitioner should be awarded $132,500.00, comprised entirely of past and future pain and suffering. This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

### II.    Form of the Award

The parties recommend that compensation provided to petitioner should be made through a lump sum payment of **$132,500.00**, in the form of a check payable to petitioner.[1] Petitioner agrees.

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future pain and suffering.

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Assistant Director
Torts Branch, Civil Division

*s/ Claudia B. Gangi*
CLAUDIA B. GANGI
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Telephone: (202) 616-4138

Dated: February 5, 2020